(24 Misc. Rep. 634.)

BAGLEY v. MUTUAL RESERVE FUND LIFE ASS'N OF NEW YORK.

(Supreme Court, Special Term, Onondaga County.    September, 1898.)

1. INSURANCE—ACTION FOR REINSTATEMENT—ILLEGAL ASSESSMENTS—SUFFICIENCY OF COMPLAINT.

A complaint by insured to compel the company to recognize his policy, and to reinstate him, alleged that he had refused to pay an illegal assessment, and that defendant had declared his policy forfeited therefor, but averred that he had tendered the amount of the assessment due under the terms of the policy, which was made a part of the complaint. The policy provided that every five years the company could change the rate of assessment to correspond to the actual mortality experience of the association. *Held*, that the complaint was not demurrable for failure to deny a change in the rate of the assessment, since the presumption is that a thing once shown to exist continues to exist.

2. SAME—PLEADING AND PROOF.

The complaint alleged that plaintiff was "informed and believes that said attempted assessment * * * was made without any authority whatever." *Held*, that the allegation was broad enough to permit plaintiff, conceding the burden rested on him, to show that no change had been made in the rate of assessment.

3. SAME—MATTERS OF DEFENSE.

In an action by insured for reinstatement, where the complaint and the policy show a complete contract between the parties, and there are no references to by-laws or applications in the policy, the fact that there may be something in the application for insurance or the by-laws of the company which bears on plaintiff's right to relief is solely a matter of defense, and hence need not be negatived by the complaint.

Action by George A. Bagley against the Mutual Reserve Fund Life Association of New York to compel defendant to recognize a policy as existing, and to reinstate plaintiff as insured therein. Defendant demurred to the complaint on the ground that it does not state a cause of action. Plaintiff moved to strike out the demurrer as frivolous. Motion to strike denied. Demurrer overruled.

John Carlisle, for plaintiff.

G. T. Hughes and E. C. Emerson, for defendant.

HISCOCK, J.    It is quite clear to me that the motion to strike out the demurrer as frivolous should be denied, and, that being done, I come to the consideration of the questions raised by the demurrer.

The complaint seems to attempt to set up three different causes of action in one count, as suggested by defendant's counsel, but no question over that is presented here. The sole question is whether plaintiff, by his entire complaint, does state anywhere a cause of action against the defendant; and, in view of the conclusions I have reached, I will simply consider the purported cause of action set forth, arising out of the alleged unlawful forfeiture by defendant of plaintiff's policy and rights thereunder.

Plaintiff claims, in substance, that defendant attempted to levy an unjust and unlawful assessment upon him; that he refused to pay it, but did offer and ever since has been ready to pay his proper assessment; that defendant has refused to accept this, and has unlawfully declared his policy forfeited, etc. I do not understand that defendant seriously questions the right of the plaintiff to maintain such an action as he is, seeking to have his policy recognized and himself reinstated. There does not seem to be any question but what, if the facts exist and are properly alleged, he may maintain an action for reinstatement, and is not compelled to make continual tenders, or lie under an alleged forfeiture of policy, until death ensues. This was adjudicated without question in, among other cases, Primeau v. Association, 77 Hun, 418, 28 N. Y. Supp. 794. The position argued by defendant's counsel, in the main at least, is that plaintiff's complaint contains a large number of allegations of law and legal conclusions and inferences; that, when the complaint is stripped of these allegations, the remaining ones of fact, which are to be deemed admitted by the demurrer, do not set forth a cause of action. There is no doubt that the complaint is subject to the criticism made in respect to many of its allegations, and its effect can best be seen and judged of by a connected statement of the allegations which have been admitted upon the argument to be properly of fact, and of those others, if any, which undoubtedly are allegations of facts.

The allegations of the incorporation and business of the defendant; that on or about June 1, 1882, it properly issued its certificate or policy of insurance to plaintiff, a copy of which is annexed to the complaint; and that plaintiff then became, and ever since has been, a member of said defendant,—are not criticised by defendant's counsel in his brief, and are conceded to be properly made of facts. Neither is it argued that the plaintiff does not properly plead as allegations of fact the following:

"That on the 1st day of February, 1898, the defendant * * * made an alleged assessment against this plaintiff upon said certificate of insurance, for the sum of $169.20, and said assessment was made and notification given to him on or about said 1st day of February, 1898; and that said notice provided that said assessment should be paid on or before the 3d day of March, 1898, or said policy would be forfeited; that said notice of assessment designated the National Union Bank of Watertown, N. Y., as its agent for the payment of said assessments; that on or about the 24th day of February, 1898, before said assessment was due, this plaintiff duly tendered to the National Union Bank of Watertown, N. Y., the collector of the defendant, the sum of $43.30 in legal tender;" and, in substance, that said bank refused to receive said tender, and plaintiff has ever since been ready and willing to pay the defendant said sum, and defendant has refused to receive it, and that said tender has been kept good; also, that plaintiff has paid said sum into court in this action, ready to be paid to defendant if it will receive the same. And "plaintiff further alleges, on information and belief, that this defendant has declared his said certificate lapsed and forfeited by reason of his failure to pay said pretended assessment of $169.20, made on the 1st day of February, 1898, as hereinbefore mentioned; that plaintiff is ready and willing to pay the defendant all legal premiums, dues, assessments, and charges that have been or may hereafter be legally made against him, and has demanded of the defendant that it reinstate his said policy, which the defendant has refused and neglected so to do."

After reading, in connection with these allegations, the policy issued to plaintiff, and which, as stated, is made a part of the complaint, we find, in substance, that defendant had the right to collect of plaintiff (with the penalty to him of having his policy forfeited and null and void if he did not pay) dues for expenses to be paid on or before the 27th day of May in every year, and, whenever the death fund of the association should be insufficient to meet an existing claim by death, an assessment for such a sum as had been established by the board of trustees, "according to the age of each member as per table indorsed hereon." The amount fixed under this clause by said table annexed to said policy was, upon the age of 56 years, at the rate of $2.25 for each $1,000 of the amount of plaintiff's certificate, which was $10,000. Concededly, the sum which defendant sought to collect of plaintiff was not for "dues." It was an assessment, and the only assessment which defendant had a right to collect of plaintiff under the provisions of the policy so far as considered was at the rate of $2.25 for each $1,000 of his policy, or $22.50 in all. So that thus far we have, in substance, a complaint properly alleging and showing that defendant had a right to collect of plaintiff an assessment of only $22.50; that, as a matter of fact, it tried to collect one of $169.20; that plaintiff refused to pay that assessment, but did properly tender to defendant a sum much larger than the amount for which defendant was entitled to assess him, and that he has kept said tender good, and has been and is ready to pay it; that defendant has refused to accept it, and has forfeited his policy, and refused to reinstate him.

The allegations thus outlined state a cause of action against defendant, but at this point it calls attention to another clause in said policy, which, in effect, provides that every five years defendant's trustees may change the rate of assessments under said policy to correspond to the actual mortality experience of the association; and defendant's counsel urges that this might have been done, and a rate fixed calling for the assessment attempted to be made, and that there are no allegations in plaintiff's complaint negativing or denying the fact of such change. I think there are two answers to this proposition. In the first place, the contract between plaintiff and defendant fixed the rate of assessment, as hereinbefore stated, at $2.25 per $1,000 of his certificate, giving, it is true, to defendant the right, under certain conditions, to change said rate of assessment. Under the ordinary presumption which prevails of the continuance of things once shown to exist, I think the presumption is to be indulged in behalf of plaintiff that this rate fixed by his contract continued, and that, if defendant has taken advantage of the privilege conferred upon it to change the rate of assessment, the burden rests upon it, as a matter of defense, to show that such change has been made, and plaintiff was not bound to anticipate such change or defense by allegations of denial in his complaint. If, however, it should be held otherwise upon this subject, I think there is an allegation in his complaint sufficiently broad to cover this subject. At folio 4 he alleges that he "is informed and believes that said attempted assessment of $169.20 was made without any authority whatever." Taken

in connection with the other allegations of the complaint and the provisions of the policy, this allegation seems broad enough and proper in form to permit plaintiff to show, if that burden rests upon him, that no change has been made by the defendant's directors in the rate of assessment which authorized the one attempted to be made.

It is further suggested by defendant's counsel that there may be something in the application of plaintiff for insurance or the by-laws of the defendant which bears upon plaintiff's right to recover. That may be true, but the complaint and the policy of insurance upon its face allege and make out a complete contract between plaintiff and defendant. There are no references made to any by-laws or application as containing provisions necessary to·complete the contract. Under such circumstances, if there is anything in that application or those by-laws which will tend to defeat plaintiff's right to recover, it must be set up as a matter of defense. There is nothing in the complaint or the policy of insurance to indicate that such defense exists. These views lead to a judgment overruling defendant's demurrer, with the usual leave to amend.

Demurrer overruled, with leave to amend.